**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**ERICA D. LOYD, ESQ.**
State Bar No.: 010922
**KANG & ASSOCIATES, PLLC.**
6480 W. Spring Mountain Road, Suite 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468

*Attorneys for Plaintiff*
*Jocelyn Wong*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOCELYN WONG, an Individual,<br><br>Plaintiff,<br>vs.<br><br>SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, a Nevada Quasi-Government Agency; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br><br>**COMPLAINT**<br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff, JOCELYN WONG, by and through undersigned counsel, complains, alleges and avers as follows:

...

...

...

...

...

*1 | Wong Complaint*

### JURSIDICTION AND VENUE

1.  This is a civil complaint brought in United States District Court under Federal and Nevada state statutes prohibiting discrimination in order to secure protection and redress deprivation of rights under these laws.

2.  Plaintiff's statutory claims arise under including but not limited to Title VII of the Civil Rights Acts of 1964 ("Title VII"), as amended and codified as, 42 U.S.C. §2000e-2 *et seq.* and The Americans with Disabilities Act of 1990, as amended and codified as, 42 U.S.C. §12101, *et. seq.*

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §1331.

4.  This action, also, includes two claims arising out of Nevada state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. §1367(a). Plaintiff asserts she was and continues to be treated disparately, subjected to discriminatorily hostile work environment as well as retaliation due to her disability which is strictly prohibited by the Civil Rights Acts of 1964 ("Title VII") and The Americans with Disability Act.

5.  Jurisdiction in this case is also proper pursuant to N.R.S. 14.065.

6.  This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a).

7.  As Plaintiff's employer, during the relevant time period, Defendant, SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY (hereinafter referred to as "Defendant SNRHA") is a Nevada Quasi-Government Agency operating within the County of Clark, State of Nevada and employing persons within the State of Nevada.

8.  Plaintiff filed her Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on January 05, 2015. After an initial interview, on February 27, 2015, Plaintiff filed her Charge of Discrimination with the EEOC (*hereto attached as* **Exhibit A – Charge of Discrimination**).

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

*2 | Wong Complaint*

9. Plaintiff received a copy of her "Notice of Rights" (for charge #487-2015-00442) dated September 3, 2015. In fulfillment of all jurisdictional requirements for the filing of this suit, including filing of this lawsuit within 90 days of her receipt of the September 3, 2015 Right To Sue Notice. (*hereto attached as* **Exhibit B –Right To Sue Notice**)

10. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## PARTIES

11. Plaintiff, Jocelyn Wong, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein began her employment with Defendant Southern Nevada Regional Housing Authority in or around August 1, 2006.

12. Defendant SNRHA is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and The Americans with Disabilities Act. Defendant SNRHA is a Quasi-Government Agency conducting business in Clark County, Nevada, and the unlawful employment practices stated below were committed within the State of Nevada.

13. As an employer in Nevada, Defendant SNRHA is required to comply with all state and federal statutes, which prohibit harassment, discrimination and retaliation based on an individual's disability.

14. DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

*3 | Wong Complaint*

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

15. At all times relevant hereto, Plaintiff was employed by Defendant SNRHA who operates in Clark County, Nevada.

## **GENERAL ALLEGATIONS**

16. In or around August 1, 2006, Plaintiff Jocelyn Wong ("Jocelyn") began her employment with Defendant SNRHA as an Accounting Technician.

17. This matter involves Jocelyn, a woman of Vietnam and Chinese descent, whom during her years of employment dedication to Defendant service oriented disposition.

18. Jocelyn proved to be an exemplary employee as well as an overall asset to the Defendant's Agency during her employment term which is evidenced by the excellent evaluations and promotions that Jocelyn received from Defendant SNRHA.

19. Jocelyn is now an Accounting Specialist II for the Defendant SNRHA.

20. Despite Jocelyn's relentless dedication, during her employment, Defendant's, SNRHA, employees and management subjected Jocelyn to disparate treatment.

21. Despite, her dedication to the Agency, Defendant SNRHA allowed employees and management to blatantly discriminate against Jocelyn and subjected Jocelyn to different terms and conditions of employment than those similarly situated.

22. This matter begins and arises out of a series of discriminatory acts by Defendant SNRHA a Nevada Quasi-Government Housing Agency whom is fully aware of the anti-discrimination laws of Nevada State and the Federal Government.

23. As stated herein, Jocelyn began working for Defendant SNRHA in August 2006, unfortunately in June of 2012; Jocelyn disabling condition of depression and anxiety increased in severity which caused the onset of the following: panic attacks, severe migraines, debilitating vertigo and narcolepsy.

*4 | Wong Complaint*

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

24. Accordingly, as a result of the increased severity of Jocelyn's disabling condition and symptoms, Jocelyn received medication in order to stabilize her medical condition.

25. It is clear from the circumstances herein that Jocelyn's condition is a mental impairment that causes physical impairments that substantially limits one or more major life activities of Jocelyn including but not limited to: sleeping, sitting, standing and even driving.

26. Jocelyn has an extensive record of said impairment and disability which substantiates that Jocelyn is indeed regarded as having said impairments as referenced herein.

27. Immediately in June of 2012, Jocelyn informed, the now resigned, Christina Howard the Defendant SNRHA's ADA Coordinator at the time of her disability.

28. In conjunction with notifying Defendant SNRHA of her disability, Jocelyn requested a flexible schedule and transfer to another department within Defendant SNRHA's agency.

29. In response the ADA Coordinator properly provided written approval which granted Jocelyn the flexible work schedule and informed Jocelyn that the transfer to another SNRHA department would be effectuated when a comparable position became available.

30. Unfortunately, a month later, the then HR Director, attempted to invalidate the ADA Coordinator's determination and approval of Jocelyn's reasonable accommodation request despite having a doctor's certification for the reasonable accommodation.

31. Fortunately, the HR Director's attempt to invalidate was unsuccessful given the totality of the circumstances and Jocelyn received the flexible work schedule which allowed her to work within the limits of her disability as well as compensate Jocelyn for unlimited hours missed due to her disability as long as the compensating of hours did not result in Jocelyn working overtime, understandably so.

32. As a result of her disability, Jocelyn properly and prudently utilized the flexible work schedule ("FWS") which is a reasonable accommodation in compliance with the Americans with Disabilities Act.

33. Furthermore, during Jocelyn's use of the FWS, Jocelyn continued to receive favorable employment evaluations and ratings which demonstrated that the FWS assisted the disabled Jocelyn to continue to be effective, successfully perform and assist Defendant SNRHA to meet the required goals.

34. Unfortunately, approximately, six months later, on January, 22, 2013, Defendant SNRHA, inexplicably revoked Jocelyn's reasonable accommodation, yet 44 (forty-four) days later on March 07, 2013, after Jocelyn's complaints regarding the revocation, Sharon Williams, Human Resources Director of Defendant SNRHA, allegedly reinstated Jocelyn's accommodation yet in the reinstatement Sharon limited Jocelyn to the ability to only compensate 10 hours a week for missed hours due to her disability.

35. This change in the reasonable accommodation is effectively a denial of Jocelyn's prior accommodation which allowed her the ability to compensate for unlimited hours as long as no overtime resulted therefrom.

36. Most notably, on three occasions, Defendant SNRHA, requested that Jocelyn provide medical documentation of her disability yet when Jocelyn provided the same Defendant SNRHA would deny that the same was sufficient to support Jocelyn's request for a reasonable accommodation thus she needed to provide additional medical documentation; it is clear that Defendant SNRHA's request were harassment; so much so that Jocelyn's physician felt harassed by Defendant SNRHA as well.

37. Often Jocelyn complained of the harassment and discrimination directly to Human Resources and supervisors to no avail.

38. The more Jocelyn complained of discrimination, harassment and disparate treatment the more Defendant SNRHA retaliated against Jocelyn.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

39. Subsequently, yet again on September 25, 2014, Defendant SNRHA, inexplicably revoked Jocelyn's reasonable accommodation, yet 84 (eighty-four) days later on December 18, 2014, after Jocelyn's complaints regarding the revocation, Sharon Williams, Human Resources Director of Defendant SNRHA, allegedly reinstated Jocelyn's accommodation yet in the reinstatement Sharon limited Jocelyn to the ability to only compensate 7 hours a week for missed hours due to her disability.

40. After reinstatement Jocelyn, complained of the agency continually denying Jocelyn the full benefit of an FWS reasonable accommodation schedule even after, as requested, providing the information requested regarding her long term disability,

41. Nonetheless, during her employment term with Defendant SNRHA, Jocelyn was continually harassed, denied the reasonable accommodations including constant revocations and modifications to a granted FWS reasonable accommodation.

42. Defendant SNRHA additionally, coercively requested Jocelyn to apply for new ADA reasonable accommodation and FMLA which is unscrupulous given the prior revocations of the reasonable accommodation.

43. Dishearteningly, despite medical documentation of Jocelyn's permanent fragile disabling condition, Anthony Tyler, Human Resources Specialist, stated to Jocelyn, "just because you've been accommodated doesn't mean you will be accommodated forever."

44. Most egregiously, in response to Jocelyn's complaints of revocations of her granted accommodation and harassment, Sharon Williams, Human Resources Director, stated to Jocelyn, "there are sicker employees than you. I'm not going to give you open (unlimited) hours to (compensate) missed hours."

45. These statements coupled with the actions of Defendant SNRHA have merely exacerbated Jocelyn's fragile mental condition thus causing additional distress and exacerbation of her physical impairments.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

46. At no point has the Defendant SNRHA, articulated any reasoning or legal basis for the revocations and modification to Jocelyn's FWS reasonable accommodation.

47. Throughout her employment, Jocelyn has been continually harassed regarding her submittal of medical documentation. On more than one occasion, Jocelyn was subjected to denial of provided medical documentation with no legitimate reason, leading to the belief that this action is in retaliation for speaking up for her rights under the American with Disabilities Act.

48. To date, despite Jocelyn's complaint in late 2014 to Defendant SNRHA's Human Resources regarding the revocation and modifications to her reasonable accommodation, Defendant SNRHA has failed to engage in any interactive process with Jocelyn.

49. In fact Defendant SNRHA has done the exact opposite by subjecting Jocelyn to derogatory comments, malfeasance and disparate treatment and retaliatory acts.

50. Jocelyn received gratification from her job duties with Defendant SNRHA yet Defendant SNRHA's acts have made it impossible for Jocelyn to excellently perform the duties of her job as she desires while enjoying the benefits and privileges of her employment.

51. Defendant SNRHA strategically discriminated, retaliated and exploited Jocelyn for its' own benefit.

52. However, Jocelyn remains resilient regarding protecting her well established rights under the law.

53. Jocelyn believes that her disparate treatment is due to her disability and the retaliation is due to her prior complaints of discrimination and demands for equal treatment to Human Resources.

54. Therefore, Defendant's, SNRHA's, actions are in direct violation of the Civil Rights Acts of 1964 and The Americans with Disabilities Act of 1990.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

**FIRST CAUSE OF ACTION**
(DISABILITY DISCRIMINATION)
**(The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.*)**

55. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 54 as though fully set forth herein.

56. Defendant knows or should know of its obligation, pursuant to The Americans with Disabilities Act of 1990, as amended and codified as, 42 U.S.C. §12101, *et. seq.*, ("ADA") to maintain work places free of disability discrimination.

57. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in Nevada.

58. Jocelyn is a qualified individual with disabilities under the ADA because Jocelyn has physical and mental impairments that substantially limits one or more of her major life activities.

59. Moreover, in accordance with the ADA, Jocelyn has an extensive medical record of said disability as well as being regarded as having the same.

60. Furthermore, regarding the employment herein, pursuant to the ADA Jocelyn is a qualified employee with disabilities who, with reasonable accommodation, can perform the essential functions of the job for which she had been hired to perform.

61. Defendant failed and continues to fail to take reasonably adequate steps to prevent and correct discrimination based on disability in its workplace in Nevada.

62. Jocelyn has qualified disabilities under the ADA because Jocelyn has physical and mental impairments that substantially limit one or more of her major life activities.

63. Jocelyn received a reasonable accommodation of *FWS*.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

64. Defendant SNRHA on several occasions denied, retracted, revoked and modified the reasonable accommodation without engaging in the required interactive process as well as failing to allege or even establish any undue hardship in accordance with the ADA.

65. Moreover, the prior reasonable accommodation granted by the ADA Coordinator of Defendant SNRHA did not and will not cause Defendant SNRHA to incur any additional costs of financial difficulties thus inferring that the revocation, retraction and modification of the original grant of the reasonable accommodation is discriminatory as well as retaliatory.

66. Further Jocelyn requested a reasonable accommodation as conveyed by the medical documentation of Jocelyn's physician which clearly identifies corrective measures to prevent further harassment and exacerbation of Jocelyn's medical conditions and impairments.

67. Most notably, Defendant SNRHA has no justifiable basis for the denial as the accommodation would not cause an undue hardship when other employees, disabled and non-disabled, are given the accommodations.

68. Further, Defendant SNRHA engaged in harassing tactics against Jocelyn with constant skepticism as well as denying accepting accurate medical documentation.

69. Defendant SNRHA subjected Jocelyn to disparate treatment by denying benefits for the Plaintiff thereby singling out Jocelyn because of her disability.

70. Defendant SNRHA, acting through and with its employees, discriminated illegally against Jocelyn.

71. Jocelyn charges that Defendant SNRHA has discriminated and continued to discriminate against her based on her disability in that she is subjected to intentional acts and procedures.

72. Jocelyn experiences and endures actual damages in an amount subject to proof at trial.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

73. Defendant's SNRHA actions are intentional and done with willful disregard for the well-established and well-known legal rights of Jocelyn.

74. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**(RETALIATION 42 U.S.C. § 4000E-3)**

75. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 74 as though fully set forth herein.

76. Federal law 42 U.S.C. §2000e-3 specifically prohibits an employer from taking retaliatory action against an employee for attempting to invoke her rights under the Federal Discrimination Laws.

77. Jocelyn expressed her concerns, verbally and written, about the disparate treatment, retraction and revocation of her reasonable accommodation, unjustifiable modification of her reasonable accommodation, harassment, difficulty in performing her job duties given the retraction of her reasonable accommodation, refusal to accept valid medical documentation provided by Jocelyn and the denial of her ability to receive the same terms and condition of employees similarly situated of employees.

78. After receiving notice of Jocelyn's complaints, Defendant SNRHA, its supervisors, its agents and its employees engaged in discriminatory and retaliatory conduct by constantly subjecting Jocelyn to adverse actions and ultimately an illusory termination.

79. Defendant's acts, demands and attempts at revoking Jocelyn's reasonable accommodation as well as refusal to accept Jocelyn's medical documentation and the derogatory threats and comments to Jocelyn were demonstrably retaliatory.

80. Defendant's actions were intentional and done with willful disregard for the well-established and well-known rights of Jocelyn as well as completely disregarding the federal laws against an employer's retaliatory conduct.

*11 | Wong Complaint*

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

81. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

## THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING, SUPERVISION, AND/OR TRAINING OF EMPLOYEES)

82. Plaintiff repleads and realleges and incorporates herein by reference paragraphs 1 through 81 as though fully set forth herein.

83. Defendant SNRHA knew of the propensity of its supervisors and its employees to cause emotional and financial injury to employees and therefore has knowledge of their potentially harmful effect upon employees, particularly employees who have a disability.

84. Defendant SNRHA should be aware that its supervisors and its employees created a situation and environment, which placed Jocelyn in danger of having her rights violated. Because of this awareness, Defendant SNRHA should have taken protective measures to stop its employees' illegal conduct toward Jocelyn; especially when Jocelyn submitted several complaints regarding the same.

85. Defendant SNRHA knew that the conduct of its other supervisors, agents and employees might result in a violation of employee's rights and Defendant SNRHA failed to institute sufficiently effective training programs, which may have identified its supervisors and its employees' illegal conduct and prevented further recurrences of discrimination including the specific revocation and retraction of Jocelyn's reasonable accommodation.

86. Defendant SNRHA received notice that its supervisors and its employees are engaging in conduct that violates Jocelyn's rights when Jocelyn appropriately complained of her rights being violated given the circumstances.

87. Yet, Defendant failed to properly supervise and restrain its agents, supervisors and employees from their illegal conduct.

88. Defendant, by creating an atmosphere whereby disability discrimination and retaliation are allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorizes and ratifies such unlawful and tortuous discriminatory conduct toward Jocelyn.

89. As a result of each supervisor's, employee's and agent's conduct and based upon the responsibility of Defendant SNRHA, Jocelyn has suffered damages by Defendant and has suffered special, compensatory and punitive damages in an amount subject to proof at trial.

90. Plaintiff has had to engage the services of attorneys to represent her in this matter and is entitled to an award of reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
#### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

91. Plaintiff repleads and realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 90 above as if fully set forth.

92. The aforementioned conduct of Defendant SNRHA is extreme and outrageous and performed with reckless disregard that such actions would cause severe emotional harm Jocelyn, and did in fact cause such harm by exacerbating Jocelyn's mental impairments.

93. The verbal and extensively documented harassment as discussed herein caused Jocelyn's increased mental anguish which is extreme and outrageous given the circumstances.

94. Given the fact that Defendant was fully aware of Jocelyn's fragile mental disabling condition, the retaliatory and harassing conduct is so outrageous and extreme that Defendant SNRHA should be punitively responsible in order to deter such conduct in the future.

95. The instant discriminatory and retaliatory conduct caused Jocelyn severe mental anguish, worry, fear, anxiety and mental distress.

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

96. As a direct and proximate result of Defendant SNRHA, Jocelyn has suffered damages and she is entitled to recover compensatory damages, exemplary damages and punitive damages related thereto.

97. As a further direct and proximate result of the Defendant SNRHA's actions, it has been necessary for Plaintiff to retain the services of Kang & Associates, duly licensed attorneys in the State of Nevada, to file this action and the Defendant SNRHA should be required to pay attorney's fees to Plaintiffs thereof.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays as follows:

1. For a trial by jury on appropriate issues;

2. For all employment-related losses subject to proof;

3. For a declaration that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, The Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.* and the Nevada state laws claims herein;

4. For compensatory damages in a sum or value in excess of $50,000.00, exclusive of interest and costs;

5. For punitive damages against Defendant SNRHA;

6. For prejudgment interest;

7. For reasonable attorney's fees and all costs incurred by Plaintiff Jocelyn Wong herein; and

8. For such other and further relief as the Court shall deem just and proper.

...
...
...
...
...
...

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 80146

## JURY DEMAND

Plaintiff demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the U.S. Constitution and Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

This 30th  day of November, 2015.

**KANG & ASSOCIATES, PLLC.**

/s/  Erica D. Loyd, Esq.
**PATRICK W. KANG, ESQ.**
State Bar No.: 010381
**ERICA D. LOYD, ESQ.**
State Bar No.: 010922
6480 W. Spring Mtn. Rd., Ste. 1
Las Vegas, Nevada 89146
P: 702.333.4223
F: 702.507.1468
*Attorneys for Plaintiff*
*Jocelyn Wong*

1
2
3
4
5
6
7
8

# *EXHIBIT A*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other Information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 487-2015-00442 |

Nevada Equal Rights Commission                     and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jocelyn Wong | (702) 260-9445 | 05-22-1971 |

| Street Address | City, State and ZIP Code |
|---|---|
| 7907 Carson Creek Street, Las Vegas, NV 89113 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY | 201 - 500 | (702) 477-3174 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5390 East Flamingo Road,  Las Vegas, NV 89122 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                          Latest
                            02-27-2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In or around August 2006, I was hired by the Respondent as an Accounting Technician. My current job title is
Accounting Specialist II.

From in or around 2006 to on or about February 27, 2015, I informed Respondent regarding my medical
condition and need for a reasonable accommodation. There is an accommodation that would allow me to
perform the essential functions of the job. Respondent failed to engage in the interactive process.

I believe I was discriminated against because of my disability, and retaliated against for engaging in protected
activity, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Feb 27, 2015          *(signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)     FEB 27 2015 |
| Date      Charging Party Signature | |

KANG & ASSOCIATES, PLLC.
6480 W SPRING MOUNTAIN ROAD, SUITE 1
LAS VEGAS, NV 89146

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# *EXHIBIT B*

*17 | Wong Complaint*

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Jocelyn Wong<br>7907 Carson Creek Street<br>Las Vegas, NV 89113 | From:  Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-00442 | Michael L. Mendoza,<br>Investigator | (702) 388-5057 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

SEP 0 3 2015

Enclosures(s)

_____
Richard T. Burgamy,
Local Office Director

*(Date Mailed)*

cc:   Shandra Hudson
      Human Resource Director
      SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY
      P.O. BOX 1897
      Las Vegas, NV 89125

      Patrick W. Kang, Esq.
      KANG & ASSOCIATES, PLLC.
      6480 W. Spring Mountain Rd., Suite 1
      Las Vegas, NV 89146

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within**
**90 days of the date you** *receive* **this Notice.** Therefore, you should keep a record of this date. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than** 2 years (3 years) **before you file suit** may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request** within 6 months **of this Notice.** (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

   ➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
   ➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
   ➤ **Only one** major life activity need be substantially limited.
   ➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
   ➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
   ➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**

   ➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
   ➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
   ➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
   ➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.